UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RASHAD BEY, *aka* ANTHONY GUESS,

    Petitioner,

    v.                                            Civil Action No. 21-10409-ADB

COMMONWEALTH OF
MASSACHUSETTS, et al.,

    Respondents.

## ORDER

BURROUGHS, D.J.

    State prisoner Rashad Bey, who is also known as Anthony Guess, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 ("Petition") and paid the filing fee. The petition has not been served pending the Court's review of the pleading. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (requiring a judge to dismiss a § 2254 petition if it "plainly appears" that the petitioner is not entitled to relief). For the reasons set forth below, the Court will DENY the Petition without prejudice.

    The status of the Commonwealth's criminal prosecution against Bey is not clear in the Petition. Bey represents that he was convicted on February 12, 2021 and was sentenced the same day for confinement from February 12, 2021 through April 1, 2021. Elsewhere in the Petition, however, Bey states, "I was and still am being held to answer for an alleged crime without an indictment of a Grand Jury and deprived of life liberty and property without due process of law." Pet. at 7.

    To the extent that Bey is a pretrial detainee, the Court will abstain from exercising jurisdiction over this action to avoid interfering with a state criminal proceeding. "Abstention is

a devise designed to facilitate the side-by-side operation of federal and state courts, balancing their respective interests in the spirit of comity." *Coggeshall v. Mass. Bd. of Registration of Psychologists*, 604 F.3d 658, 664 (1st Cir. 2010).  "Except in the most extraordinary cases, a federal court must presume that state courts, consistent with the imperatives of the Supremacy Clause, *see* U.S. Const. art. VI, are fully competent to adjudicate federal constitutional and statutory claims properly presented by the parties." *Casa Marie, Inc. v. Super. Ct.*, 988 F.2d 252, 262 (1st Cir. 1993) (footnote omitted).  Under *Younger* abstention, *see Younger v. Harris*, 401 U.S. 37 (1971), "a federal court must abstain from hearing a case if doing so would 'needlessly inject' the federal court into ongoing state proceedings." *Coggeshall*, 604 F.3d at 664 (quoting *Brooks v. N.H. Supreme Ct.*, 80 F.3d 633, 637 (1st Cir. 1996)).  *Younger* abstention is even appropriate where litigants "claim violations of important federal rights," *In re Justices of Superior Ct. Dept. of Mass. Trial Ct.*, 218 F.3d 11, 17 (1st Cir. 2000), as long as the federal claims can be "raised and resolved *somewhere* in the state process," *Maymó-Meléndez v. Álvarez-Ramírez*, 364 F.3d 27, 36 (1st Cir. 2004) (emphasis added).

  Here, the Court would "needlessly inject" itself in a pending state criminal proceeding if it were to consider Bey's claim.  Notwithstanding Bey's conclusory assertion that he has "used all [his] state remedies" and his puzzling statement that he "couldn't file an appeal because he was unlawfully arrested," Pet. at 8, the Court has no reason to believe that Bey will not have an opportunity to raise all pertinent issues within the state court system, whether in front of the trial court or on appeal.

  Even if *Younger* abstention does not apply because Bey has already been convicted of a crime, the Court will nonetheless deny the Petition for failure to exhaust his state remedies.  A petitioner seeking relief under § 2254 must show that he has exhausted all his state remedies, or,

in the alternative, that the state did not offer appropriate corrective measures.  *See* 28 U.S.C. § 2254(b)(1).  A claim in a § 2254 petition is not exhausted unless a petitioner has presented his claim "in each appropriate state court (including a state supreme court with powers of discretionary review)."  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).  In Massachusetts, exhaustion requires presentation of the federal claim in question to the Supreme Judicial Court ("SJC").  *See Janosky v. St. Amand*, 594 F.3d 39, 50 (1st Cir. 2010).  "Even if the SJC declines to grant review . . . the petitioner must have fairly presented the federal claim within the four corners of his ALOFAR [application for leave to obtain further appellate review]."  *Id.*  Here, Bey has not provided any substantive showing that he has exhausted his state court remedies in the manner set forth above or is unable to do so.

      Accordingly, for the reasons set forth above, the Petition is <u>DENIED</u> without prejudice.

      IT IS SO ORDERED.

| | |
|---|---|
| 4/30/2021 | /s/ Allison D. Burroughs |
| DATE | UNITED STATES DISTRICT JUDGE |